# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **VIRGINIA LEADER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08CV00046 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER** | ) | Chief United States District Judge |
| **OF SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Taryn Jasner, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the recommendation of the magistrate judge and affirm the denial of benefits.

The plaintiff, Virginia Leader, challenges the administrative decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits under certain provisions of the Social Security Act ("Act"). The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C.A. § 636(b)(1)(B) (West 2006); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her report on June 2, 2009. On June 4,

2009, the plaintiff filed written objections to the report, which are now before me for resolution.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C.A. § 636(b)(1)(C) (West 2006); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

The plaintiff claims disability based on both physical and mental impairments, including chronic fatigue. Among other things, the plaintiff objects that the magistrate judge failed to consider an error in the written decision of the administrative law judge ("ALJ") in which he denied the plaintiff's claim, namely his statement that "there is no objective laboratory test results demonstrating the

presence of EBV." (R. at 13.) The ALJ was referring to Epstein-Barr virus, also known as EBV, which the ALJ also described as "chronic fatigue syndrome." (*Id.*)[1]

In fact, there is a notation in one of the plaintiff's medical records that her "EBV Nucleic AB" was "positive," on which record there was a handwritten notation stating, "Called to patient & explained that we will have to research EBV." (R. at 177.)

The plaintiff argues that the record thus "clearly shows that Plaintiff suffers from fibromyalgia and chronic fatigue which would render her unable to work." (Pl's Objections 6.)

Even assuming, however, that the ALJ was mistaken in his statement that there was no objective test results as to EBV, reversal of the Commissioner's decision is not warranted. First, there was no further medical evidence as to what the "research" of the positive test result showed, if anything. More importantly, the ALJ did conclude that the plaintiff suffered from "severe impairments of headaches, depression, and fibromyalgia." (R. at 13.) Rather, it was the extent of impairment

---

[1] "Due in part to its similarity to acute or chronic infections, CFS [chronic fatigue syndrome] was initially thought to be caused by a virus infection (i.e., Epstein-Barr (EBV) mononucleosis). It now seems clear that CFS is not caused exclusively by any single recognized disease agent." U.S. Dep't of Health & Human Servs., Ctrs. for Disease Control & Prevention, "Chronic Fatigue Syndrome," http://www.cdc.gov/cfscauses.htm (last visited June 28, 2009).

Case 2:08-cv-00046-JPJ-PMS Document 19 Filed 07/02/09 Page 3 of 4 Pageid#: 82

that caused the ALJ to reject the claim. He found that the plaintiff's activities of daily living, as well as her complete medical history, showed that she did have the ability to work, in spite of her impairments. This finding was based on substantial evidence.

I have carefully reviewed the other objections made by the plaintiff to the report of the magistrate judge and find them equally unavailing.

For these reasons, the magistrate judge's Report and Recommendation will be accepted and the Commissioner's Motion for Summary Judgment granted.

An appropriate final judgment will be entered.

DATED: July 2, 2009

/s/ JAMES P. JONES
Chief United States District Judge